COLLINS v. NAYLOR.

No. 14729.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 4, 1946.

Rehearing Denied Feb. 15, 1946.

William L. Evans, of Fort Worth, and Hollers & Tisinger, of Austin, for appellant.

Glenn Smith, of Fort Worth, for appellee.

SPEER, Justice.

This appeal involves venue, raised by a defendant's plea of privilege. For some years prior to 1944 H. J. Naylor and A. M. Campbell, residing in Tarrant County, were partners in the construction business; during the same period B. F. Collins and T. J. Bland, of Travis County, were partners in a similar business and Collins was doing contracting in his own right.

The four contractors needed more heavy trucks in connection with their work and formed yet another partnership for the purpose of operating trucks, principally in connection with their respective activities; they selected W. H. Locke of Travis County as a suitable man to handle the affairs of the new partnership and the five, including Locke, became equal partners in the new enterprise. They purchased thirteen trucks, ten heavy trucks and three lighter ones.

During 1944 the construction business dropped to a point that Naylor and Campbell no longer needed the assistance of the truck company, and they sought a dissolution of that partnership.

In March, 1945, Naylor died testate naming his wife, Mrs. Ethel R. Naylor, independent executrix and sole beneficiary under his will.

334

In May 1945, Mrs. Naylor, in the capacity stated, instituted this suit against the four surviving partners of the truck company, seeking what she termed a winding up of the partnership business, an accounting, partition and distribution of the assets among herself and said four surviving partners; she sought a receivership and injunction.

Defendant Collins timely filed his plea of privilege to be sued in Travis County. Upon filing of plaintiff's verified petition, the court issued a show cause order for hearing at a designated date on the application for receiver and injunction.

On the date set for such hearing the parties came into court and entered into a most commendable written agreement, which was adopted by and made the interlocutory judgment of the court. The agreement divided the ten large trucks, two to each of the five parties to this suit; the three small trucks were sold and the proceeds, along with $11,000 in cash and Government Bonds were deposited in the treasury of the court to await the final judgment in the cause for partition and distribution. The stipulation and agreed order obviated the necessity for receivership and injunction and the application for these items of relief was withdrawn by plaintiff.

In due time Mrs. Naylor, the plaintiff, filed her controverting affidavit and by applicable references made the petition a part of same. She sought to hold venue in Tarrant County under exceptions 13, 4, and 29a to Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 13, 4, 29a. Defendant Collins excepted specially to the sufficiency of the controverting affidavit; all exceptions were overruled, and these rulings are before us.

A jury trial was had on the venue hearing and at the conclusion of all testimony, plaintiff moved for an instructed verdict overruling the plea of privilege; defendant Collins moved for an instructed verdict sustaining the plea as a matter of law, and in the alternative that if his motion be denied, then that the case go to the jury on issues of fact. Both parties assigned reason in their respective motions why they should be granted. Court overruled defendant's motion, sustained plaintiff's, withdrew the case from the jury and entered judgment overruling the plea of privilege, from which decree defendant Collins has appealed.

By his points of error appellant complains of the judgment overruling his plea of privilege because: (1) The court sustained appellee's motion to instruct a verdict in her favor and in taking the case from the jury; (2) error in overruling his motion to sustain the plea as a matter of law; (3) error in holding the controverting affidavit good as against the special exceptions urged thereto; (4) error in so holding the controverting affidavit sufficient although it showed affirmatively that the suit was not one for partition; (5) error in holding the affidavit sufficient as against special exception to the effect that the pleading showed affirmatively that plaintiff had no cause of action against the resident defendant; (6) error in holding the controverting affidavit sufficient as against the special exception to the effect that it affirmatively appeared that the alleged defendant Campbell was not a defendant as contemplated by the venue statutes.

In a venue hearing, such as this, we are only concerned with the venue fact, determinative of whether plaintiff can maintain her suit in Tarrant County as against Collins' plea of privilege to be sued in Travis County where he resides. We have no concern with the final outcome of the suit on its merits relating to the amount each shall receive from the assets of the dissolved partnership.

At the very outset we are confronted with the question of whether or not Mrs. Naylor has alleged and can maintain such an action as this against the four surviving partners. It is the settled law that upon the death of a partner the partnership is automatically dissolved and the assets are placed in the joint possession of the remaining partners in trust; they are required to wind up the partnership business with reasonable dispatch, liquidate the business, and distribute the residue of the assets among the surviving partners and the heirs of the deceased one in proportion to their respective interests. 32 Tex.Jur. 507, 509, Secs. 184, 186. The trustees must keep accurate accounts of the liquidation and render same to those interested, including the heirs of the deceased partner. 32 Tex.Jur. Partnership, Secs. 201, 204 and 210. Any one interested therein may, by proper action, require such liquidation and accounting; requisites of a petition for that purpose are set out in 32 Tex.Jur. 547, Sec. 215. As we read plaintiff's petition, in the absence of special

exceptions, we believe it contains the necessary allegations.

There were allegations that the Locke Truck Company was organized in 1942 by Naylor, Campbell, Collins, Bland and Locke; that Locke was placed in charge of the company; the books were kept for the company separate and independent of those of the interested partners. That the company carried on a regular trucking business including services rendered for the different partners in connection with their several activities until July 1, 1944, at which time all contracts in which the partnership had engaged were finished, and Naylor and Campbell approached Collins with a view to dissolving the partnership; that Collins objected to its dissolution and told Naylor and Campbell he was not feeling well that day but would get around to the matter soon. That many times since said date Naylor demanded of Collins the dissolution of the partnership, but Collins declined to do anything about it.

There were allegations of the death of Naylor on March 23, 1945, the qualification of plaintiff as independent executrix under her husband's will and that she is the sole legatee thereunder.

By paragraphs seven and eight it was alleged in effect that upon the death of Naylor the partnership was dissolved; that plaintiff had demanded of the surviving partners, and especially of Collins, who had in his possession all the assets of the partnership and who was operating the business of the partnership in a limited way, a winding up of the partnership and a distribution of the assets, but that Collins had refused to comply with said requests. That Collins had, since the death of Naylor, attempted to carry on the partnership business in which it had been engaged; that he was using the funds and equipment of the partnership contrary to the will and wishes of plaintiff and the other surviving partners; that such uses were detrimental and unprofitable to all said parties except Collins, since such pretended operations were limited mainly to renting of trucks, especially to Collins in his individual and group operations; that such use of said equipment caused it to depreciate very rapidly.

Her prayer was substantially that the partnership be wound up, and its assets be distributed proportionately between plaintiff and defendants. She also prayed for a receivership and injunctive relief as against Collins. (The stipulation agreement and judgment of the court previously referred to obviated the necessity of receivership and injunction); she asked for a verified accounting of the business of all kinds since January 1, 1945, along with a list of the properties held by each defendant belonging to said partnership.

The record does not disclose just how, when, nor why defendant Collins came into possession of all the assets. The petition discloses that Locke was placed in charge at the time of forming the partnership. Under the rule of law announced above all of the surviving partners became the joint trustees of the property, with the duty to wind up the business and make an accounting upon which a distribution could be made among those entitled to receive the assets. By some means, not disclosed, the three partners, Campbell, Bland and Locke have permitted Collins to take over and continue to use the equipment without any effort on the part of either to wind up the business as it was their duty to do.

The pleadings may not be as full and complete as could be desired in an action of this kind, referable to there having been no effort on the part of the surviving partners to wind up, liquidate, and disburse the assets. Obviously, no special exceptions would be filed touching the sufficiency of the pleadings prior to a hearing on the plea of privilege. As presented, we think it sufficiently appears that the trustee partners had done nothing toward administering the partnership, liquidating its business and disbursing the assets among the owners.

The record on its face discloses that at the time set by the court for a show cause order on receivership and injunction, the defendants responded with a very effective liquidation and placed all assets in the treasury of the court after distributing the physical properties, not otherwise disposed of, equally among the interested parties. Under the rule of law above announced, all defendants were jointly possessed of the assets, but by some means Campbell, Bland, and Locke had permitted Collins to take it all over and use the properties in a way more beneficial to himself than to the partnership as such. It remains that the defendants had done nothing toward winding up the business until plaintiff in-

stituted her suit. There is nothing in the stipulations to indicate that it could not have been done sooner.

Upon the plea of privilege hearing only Mrs. Naylor and an auditor testified. The latter testified that he knew of the organization of the partnership, its purposes and the nature of its functions; he "set up" the books for the business and knew in a general way its status and the interest each partner had therein. There was support of the pleadings in the testimony offered. Only cross examinations by defendants were relied upon to defeat venue; they offered no witnesses.

By appellee's controverting affidavit, she sought to retain venue in Tarrant County under exception 13 to Article 1995, R.C.S. It is argued under this exception that this was a partition suit as contemplated by the cited exception to exclusive venue.

"Partition" in its broadest sense may mean many things; it is somewhat analogous to the words divide, disburse, separate, distribute and segregate. We believe however that the word "partition" in the cited exception is used in its legal sense. See 32 Tex.Jur. 145, Sec. 1; Hudgins v. Sansom, 72 Tex. 229, 10 S.W. 104; Barkley v. Stone, Tex.Civ.App., 195 S.W. 925, writ refused; and Manchaca v. Martinez, 136 Tex. 138, 148 S.W.2d 391.

The last cited case was one for partition of land; an action brought by one who had an interest therein but was not entitled to possession, and it was held that since plaintiff was not entitled to possession, the action for partition could not be maintained. The same rule is announced in Medina Oil Development Co. v. Murphy, Tex.Civ.App., 233 S.W. 333, writ dismissed. It must be conceded that plaintiff (appellee) was not entitled to possession of any of the assets of the partnership at the time she instituted this suit. We therefore conclude that venue in Tarrant County cannot be sustained under exception 13 to Article 1995.

Appellee also relied for venue upon exception 4 to Article 1995. By that exception it is provided that if two or more defendants reside in different counties suit may be brought in any county where one of the defendants resides.

In the case before us we have appellee suing four parties, one of whom resides in Tarrant County and the other three in Travis County. Appellant attacks the contention of appellee that Campbell, the Tarrant County man, is a defendant, and claims that he is in fact a plaintiff. We shall notice this later in the discussion. If the language of the statute be followed, only the good faith of the naming of a resident defendant could arise in such cases. But the courts have seen fit to read into that exception a burden more onerous than would appear from the language of the statute. In Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304, discussing this exception the court said: "* * * The plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants (in that case), or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant."

We have made some reference to the nature of appellee's petition from which pleading the court may judge the nature of the suit. From it we gather that from the date of the death of Mr. Naylor the surviving partners had made no effort to administer the partnership and wind it up. It is true that an additional complaint was lodged against Collins, the nonresident defendant, from that against the other defendants; as against those other than Collins, the substance of plaintiff's allegations was that they had done nothing toward winding up the estate, and had refused to do so; the testimony disclosed that no more than inactivity could be charged to them; while as against Collins the allegations and testimony showed he had done nothing imposed upon him by law to close the partnership up, but in addition was operating it in a limited way to his own advantage, and to the detriment of the property. We think the nature of the action against Campbell and Collins was so intimately related that one suit against both was authorized under the rule intended to avoid multiplicity of suits. Clearly all surviving partners were proper and necessary parties to a suit to wind up

the partnership even though some of them knew it should be done but had not taken any action to enforce it.

Plaintiff's action against Campbell, the resident defendant, to wind up the business and disburse the assets based upon his laxity toward his duty was as substantially a valid cause of action as was the suit against Collins for his inactivities of the same kind together with his appropriation of all assets and their uses contrary to winding it up. Under the rule announced in Stockyards National Bank v. Maples, supra, venue was sustained in Tarrant county under exception 4 to Article 1995.

■ The third point of error complains because the court overruled appellant's special exceptions to the controverting affidavit because "it contained no allegations of fact, but only conclusions of law." The point of error is very general; it makes no reference to any particular special exception urged, and we find six such exceptions in the record. Exception No. 3 specifically points out that part of the controverting plea relating to the residence of Campbell and that of Collins and in view of the disposition to be made of the appeal, the others become unimportant. Allegations referable to the residences of the respective defendants are very definitely stated both in the controverting plea and in the original petition which is made part of the plea; she alleged Collins, Bland and Locke were residents of Travis County and that Campbell is a resident of Tarrant County; these allegations were made in support of exception four to Article 1995. We consider they are allegations of fact and not conclusions of law as contended by appellant.

■ By the sixth point it is urged that Campbell, the resident defendant, was shown to be in fact a plaintiff and not a defendant as contemplated by the statute. We cannot agree with the contention. We have previously discussed the relationship of all parties to this suit. Clearly Campbell was a defendant and obligated in his capacity of a surviving partner and trustee, to wind up the business and disburse the assets; he had not done so, nor was there anything to indicate that he had tried to do so. Plaintiff's suit would have been improper if he had not been made a party defendant. Plaintiff was

under no obligation to seek and obtain his assent to join her in the action; it was right and proper for her to sue him along with the other defendants. Ditmore v. Nicholson, Tex.Civ.App., 188 S.W.2d 414. It matters not that he was disclosed by some parts of the evidence on cross examination to be willing to accept his part of the assets when the partnership was liquidated; no less can be said of all the other defendants, for the record discloses that they did accept them under the stipulated judgment of the court on a hearing. No statement taken from the evidence is pointed out by appellant in his brief, tending to show the contrary.

The witness Freeman was auditor for the partnership of Naylor and Campbell at Fort Worth and also auditor for the partnership of the Locke Truck Company, here under consideration. Campbell and plaintiff sent him to Austin to check up the books of the truck company; the books and all assets were in Collins' possession; Freeman was advised that the books were not available, that some of them had been removed. (There is nothing to indicate who removed them nor where they were.) Freeman did not get to see the books and could not "check" them. Freeman was closely associated with Campbell in a business way and said that during Mr. Naylor's lifetime Naylor wanted to close up the partnership of Locke Truck Company since he had no further use for it and wanted his money out of it; he had been rather insistent upon winding it up, but Campbell and Collins wanted to let it run on; that if it had not been for Campbell, Naylor would have brought up its dissolution earlier. This we think emphasizes the attitude of defendant Campbell relative to winding up the business. We have not been cited to any testimony which could be construed in a way to make Campbell a real plaintiff and not a defendant.

■ It is unnecessary to discuss other points relied upon for venue. If more than one ground is claimed it is sufficient if either be shown to exist. Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S.W. 593, and the many Courts of Civil Appeals cases following it.

All points of error are overruled and the judgment of the trial court is affirmed.