PARK v. WOOD et al.

No. 14803.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 24, 1947.

Rehearing Denied Feb. 28, 1947.

Hiner & Pannill and William Pannill, all of Fort Worth, and Hardway, Harwell, Smith & Gwin, of Houston, for appellant.

McGown, McGown, Godfrey & Logan, B. E. Godfrey, and Harry L. Logan, Jr., all of Fort Worth, for appellees.

McDONALD, Chief Justice.

The appeal is from an order overruling a plea of privilege. On a former day of the term we reversed the order of the trial court, but after careful and somewhat extended consideration we have come to the conclusion that the order overruling the plea of privilege should be affirmed. We therefore withdraw our former opinion, and substitute this as our opinion in the case.

It will not be necessary to set out in detail all of the allegations in the lengthy petition filed by the plaintiffs in the court below. They allege in part as follows:

The plaintiffs Craig Wood, Byron Nelson and Jimmy Demaret, and the defendants T. S. Park, Ben Hogan and Henry Picard, and John J. Burke, who is now deceased, and who was the husband of the defendant Mrs. John J. Burke, entered into a contract in writing on February 20, 1941, which provided for the organization and incorporation of a business enterprise which would be engaged in manufacturing and selling a patented grip for golf clubs. Park and Burke were to grant to the corporation an exclusive franchise for the manufacture and sale of the grip, for which they were to receive $5,000 of the corporate stock. The other parties were each to receive $1,000 of the stock in the company, to be paid for in cash. The company was incorporated, and began the manufacture and sale of the patented grip. The incorporators other than Burke and Park were to demonstrate the grip as they played golf over the country, and thus promote sales. Great strides were being made in the manufacture and sale of the grip when their manufacture and sale were halted because of war restrictions on the use of rubber. For reasons not necessary to relate, the charter of the corporation was forfeited, and Park has been manufacturing and selling the grip, and has converted to his own use the assets of the corporation and the proceeds of sales. The plaintiffs seek a recovery of $170,000 in damages from Park, alleging that the defendants Hogan and Picard are entitled to share in such recovery. They also allege that they are entitled to specific performance of their original agreement, and call upon the court to require an accounting from all parties to the suit as to their acts and conduct concerning the affairs of the corporation.

Park filed a plea of privilege to be sued in Harris County, the county of his residence. Venue in Tarrant County is sought to be maintained under Section 4 of Article 1995, on the ground that the defendant Hogan is a resident of such county. The principal argument advanced by the defendant Park in support of his plea of privilege is that there was no cause of action either pleaded or proved against Hogan, under the rule announced in such cases as Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, to the effect that in cases arising under Section 4 the plaintiff must both plead and prove a cause of action against the resident defendant.

The judgment of the trial court having been in favor of appellees, the dis-

puted issues of fact must be resolved in their favor. Looking to appellees' petition, and to the proof offered in support thereof, we now believe that their suit was broader in its scope than we first thought. The recovery sought against defendant Park was an important element in the suit brought by appellees, and in so far as that count in the petition is concerned, it cannot be said that a cause of action was shown against the Tarrant County resident, Hogan. But there is another phase of the suit which, so far as we know, may also prove to be of importance to the parties.

Taking the case as it appears in the light most favorable to appellees, as we must do in view of the judgment rendered by the trial court, it is shown that the parties to the suit bound themselves by the written contract dated February 20, 1941, to embark upon the business enterprise above referred to. Pursuant to that contract, they caused their enterprise to be incorporated under the laws of Texas, but the corporate charter was later forfeited. The appellees seek to recover certain relief from the defendant Park, but the relief specially sought against Park is not the sole relief sought in the suit. They also seek an accounting from all the partners, joint-adventurers, or whatever they should be called, who became associated in the enterprise. They claim that the original contract is still in force and effect, they say that they and the defendants hold the equitable title to the assets of the corporation for the benefit of the stockholders, and they allege that all are necessary parties to the litigation. They allege that the directors, including the Tarrant County resident, Hogan, are trustees for the corporation by reason of being the directors of the dissolved corporation. They say that the directors are unable to agree upon the proper conduct of the business and the functions to be performed by them as such trustees. They ask for the appointment of a receiver. It is alleged that all parties interested in the business agreed in 1946 to organize a new corporation to carry on the business, and agreed that they would execute any and all necessary contracts, applications and agreements to effect such agreement. The court is called on to establish in the parties the exclusive right to manufacture and sell the devices covered by the agreements above mentioned, and to grant specific performance of said agreements. The court is asked to require an accounting from all of the directors of all of their acts and conduct concerning corporate business and assets, and it is prayed that the rights of all parties be established in and to the corporate funds. The petition concludes with a prayer for general relief.

■ To sum up, it is seen that the Tarrant County defendant, Hogan, is called on to account for all of his acts and conduct concerning the business venture in question, and to perform specifically both the original agreement made in 1941 and the later agreement made in 1946. The proof is prima facie sufficient to show that appellees are entitled to this relief against said Tarrant County defendant. It is apparent, it seems to us, that he was an indispensable party to the litigation, and that, under the pleadings and the prima facie showing made by the proof, appellees were entitled to a judgment granting them affirmative relief against Hogan. The situation is much like that found in another case decided by this court. Collins v. Naylor, Tex.Civ.App., 192 S.W.2d 332, 336. (Note. Our action in Collins v. Naylor was in effect approved by the Supreme Court on May 29, 1946, in overruling a motion by Collins for leave to file a petition for mandamus to compel us to certify the controlling questions in that case to the Supreme Court.) It is true here, as in Collins v. Naylor, that an additional complaint is made against the non-resident defendant, from that made against the Tarrant County defendant, but the claims against both defendants are so intimately related in their nature that one suit against both is authorized under the rule intended to avoid multiplicity of suits. The following remark was made in the Collins case: "Clearly all surviving partners were proper and necessary parties to a suit to wind up the partnership even though some of them knew it should be done but had

not taken any action to enforce it." Likewise, it may be said that all the partners, or joint-adventurers, are proper and necessary parties in the present case which has as one of its objects the continuation of the business enterprise.

As said in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, and in similar cases, the requirement that the plaintiff prove a cause of action against the resident defendant is one that has been superimposed upon Section 4 of Article 1995 by the courts because any less requirement would render the valuable right of a defendant to be sued in the county of his residence too easily denied to him by the simple allegations of his adversary, perhaps never intended to be proved. The requirement provides a test of the good faith of the plaintiff in making the resident defendant a party defendant to the litigation. We think that this test of good faith, so established by our decisions, has been met in the case now before us.

Appellees' motion for rehearing is granted, our former judgment is set aside, and the judgment of the trial court is affirmed.