**Walter JOHNSON, Appellant,**

v.

**Margaret BRADEN, Appellee.**

No. 12919.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 1, 1956.

———◆———

Lewright, Dyer, Sorrell & Redford, James W. Wray, Jr., Corpus Christi, B. H. Kirk, Robstown, for appellant.

Butler, Williams & Stone, Robstown, for appellee.

POPE, Justice.

This is a suit to recover a money judgment for the partnership interest of G. C. Braden, deceased. Braden and Walter Johnson were equal partners in the lumber business. Braden died on January 1, 1954. His wife, as executrix of his estate, filed suit to recover Braden's share of the partnership assets and also to set aside a sale of the partnership assets by Johnson, the survivor, to himself. The court granted plaintiff a judgment in the sum of $4,808.73, and Johnson has appealed.

After Braden's death, Johnson continued to operate the lumber business, and on September 1, 1954, he executed a bill of sale to himself of all the company assets. The trial court set aside the bill of sale and no exception to that action is preserved. However, the trial court found as a fact that the partnership had assets in the value of $56,592.34. Using that valuation as a base, the court then undertook to determine the respective rights that Bra-

---

1. This is true, whether the time for filing should be based on the last day being October 13 instead of October 11.

den and Johnson had in the assets of the partnership. The plaintiff introduced an audit which reflected that Johnson held promissory notes for advances to the partnership in the total amount of $30,131.25. There were current debts to third persons which amounted to $3,592.92, and both partners had certain credits to a capital account by reason of their failure to withdraw their share of profits and salaries. On the basis of the audit, the court determined that the company had acquired assets and profits over and above all debts, and that Braden's share of the net profits, since the formation of the partnership, was $9,876. Of that amount, he had not withdrawn $4,808.73, and the court gave plaintiff judgment for that amount.

■ The judgment must be reversed. Market values of the company assets are wholly absent from the record, and Johnson, on cross-examination, demonstrated that the plaintiff's audit was based on book values. It should have been based on market value. Rayburn v. Giles, Tex.Civ.App., 182 S.W.2d 9; Bradford v. Bradford, Tex. Civ.App., 172 S.W.2d 365; Caplen v. Cox, 42 Tex.Civ.App. 297, 92 S.W. 1048; 32 Tex.Jur., Partnership, § 221. The trial court arrived at its judgment against Johnson by computing the debts and charges against the company assets, which assets were estimated at book value, and then determined that Johnson should keep all the company assets and the Braden Estate should have a judgment against Johnson. The judgment does not expressly determine that the rest of the assets shall belong to Johnson, nor cancel his notes evidencing large advances to the partnership; but, by implication, that is probably the import of the judgment. If the assets of the partnership have a market value which is less than the book value, there may be no profits at all. There may not be sufficient assets to repay Johnson the value of his notes. The judgment, therefore, orders Johnson to pay profits, when there may be losses, all of which would be borne by Johnson, in addition to the burden of paying the judgment.

■ In an action for partnership accounting and dissolution, ordinarily the entire property of the firm is converted into cash, unless there is an agreement for the distribution of the assets in specie or it is clear that others will not be injuriously affected. Newman v. Newman, 145 Tex. 433, 198 S.W.2d 91, 92; Leyhe v. McNamara, Tex.Com.App., 243 S.W. 1074, 1077; First Nat. Bank v. Rush, Tex.Com.App., 210 S.W. 521, 527; Moore v. Steele, 67 Tex. 435, 3 S.W. 448; Collins v. Naylor, Tex.Civ.App., 192 S.W.2d 332, 333; Watson v. Williamson, Tex.Civ.App., 76 S.W. 793; 32 Tex.Jur., Partnership, §§ 201, 204; 68 C.J.S., Partnership, §§ 328, 438; 47 C.J., Partnership, §§ 988, 998.

The assets of the partnership should have been liquidated and used to discharge debts, advances and charges, and the surplus, if any, should then have been divided. In any event, the market value of the firm assets should have been used in computing values.

The judgment is reversed and the cause remanded.