John L. CHEEK, Appellant,

v.

Jack HUMPHREYS, Appellee.

No. B14–89–01097–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 1, 1990.
Rehearing Denied Dec. 6, 1990.

C. David Easterling, Ben G. Levy, Houston, for appellant.

Ronald L. Ramey, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is a breach of partnership agreement case. John L. Cheek and Jack Humphreys formed a partnership for the purpose of buying, packaging, and selling onions. The partnership failed after Humphreys discovered Cheek had moved the business equipment from one location in San Antonio to another, and then on to Houston. Humphreys sued Cheek for breach of their oral partnership agreement and requested dissolution of the partnership, an accounting, and actual and exemplary damages. The trial judge, as trier of fact, found Cheek had breached the oral agreement and awarded Humphreys $63,-000 as his share of the partnership, including $10,000 in exemplary damages. Cheek brings six points of error complaining of the damages awarded by the trial court. We reverse and remand in part and affirm in part.

In late 1981, Humphreys and Cheek decided to form a partnership to buy, package, and sell onions in San Antonio. The name of the partnership was San Antonio Pre–Pak ("SAPP"). On October 31, 1981, Humphreys leased a building in San Antonio for the furtherance of SAPP. The partnership purchased equipment, moved into the building, and began to buy, package, and sell onions in January, 1982. During that year and 1983, Humphreys testified he was denied access to inspect the partnership books. He also testified that Cheek

profited from the use of the partnership assets by moving them to his mother's business, C & G Onion. Further, the telephone number of SAPP was changed to that of C & G Onion. Cheek later moved the assets of SAPP to the Houston location of C & G Onion. Cheek testified that he took all these actions without Humphreys' consent.

The trial judge filed findings of fact and conclusions of law, in which he found that Cheek denied Humphreys access to the partnership books and failed to render on demand full information on matters affecting the partnership to Humphreys. The trial court further found that Cheek profited from the use of partnership assets and that he knowingly, wrongfully, arbitrarily, maliciously, and with disregard to the rights of Humphreys breached the partnership agreement. The trial court awarded Humphreys $63,000 in actual and exemplary damages for Cheek's breach of the agreement.

■ In his first point of error, Cheek claims the trial court erred in awarding judgment of $8,948.34 to Humphreys in payment for one-half of the partnership equipment. At trial, Humphreys testified the cost of the partnership's equipment was $21,054.93 and that it had been depreciated by $3,158.24. The result, $17,896.69, was the value the trial judge assigned to the partnership equipment. Cheek asserts the value relied on by the trial judge was book value and not market value and therefore was erroneous. We agree.

■ Book value is an improper method of determining the value of partnership equipment on dissolution of the partnership. *Cauble v. Handler*, 503 S.W.2d 362, 364 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.). Book values are arbitrary values and cannot be used in the valuation of partnership assets. *Johnson v. Braden*, 286 S.W.2d 671, 672 (Tex.Civ.App.—San Antonio 1956, no writ). Humphreys bore the burden of proof to show the market value of the partnership assets. *Id.* The only testimony about the market value of the equipment came from Cheek, who valued it at between $1500 and $2000. Be-

cause the trial court relied on an improper amount to value the partnership equipment, we conclude the evidence is insufficient to support the value found by the trial court of $17,896.69. We sustain point of error one.

■ In his second through fifth points of error, Cheek claims the court erred in finding damages in the following amounts:

| | |
|---|---|
| One-half of the cash | $ 6,073.08 |
| One-half of the inventory | 27,408.00 |
| Profits | 9,827.41 |
| Electricity deposit | 800.00 |

■ In a nonjury case, the trial court is the judge of the credibility of the witnesses and of the weight to be given their testimony. *Tate v. Commodore County Mutual Ins. Co.*, 767 S.W.2d 219, 224 (Tex. App.—Dallas 1989, writ denied). Where the challenge to a finding is framed as an insufficient evidence point, the appellate court is to consider all the evidence in the case, both that in support of, and that contrary to, the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Fortner v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 687 S.W.2d 8, 12 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). In a nonjury trial the judge is the trier of fact and it is his prerogative and responsibility to weigh the credibility of the witnesses and the evidence. *Bormaster v. Henderson*, 624 S.W.2d 655, 659 (Tex.App. —Houston [14th Dist.] 1981, no writ).

Humphreys testified that the cash on hand at the termination of the partnership was $12,146.17. Half of that amount is $6,073.08, which the trial court awarded as half of the cash on hand. Humphreys further testified that a fair estimate of the value of the inventory on hand for one week would be $27,408.13. He stated that, at the termination of the partnership, he expected that amount of inventory would be a fair amount to have on hand at any given time. He further testified that he paid a utility deposit of $800, which Cheek collected when he moved the business. The amounts awarded for one-half of the

cash and inventory on hand and the utility deposit are not so against the great weight and preponderance of the evidence as to be manifestly unjust.

On dissolution of a partnership, a partner's interest includes his or her proportionate share of the profits after an accounting of the debts and credits of the partnership. *Stone City Attractions, Inc. v. Henderson*, 571 S.W.2d 206, 210 (Tex. Civ.App.—Austin 1978, writ ref'd n.r.e.). The Texas Uniform Partnership Act provides that, subject to any agreement between the partners, each one is to share equally in the profits and surplus remaining after all liabilities, including those to copartners, are satisfied. TEX.REV.CIV. STAT.ANN. art. 6132b § 18(1)(a) (Vernon 1964). A partner of a dissolved partnership seeking to recover his proportionate share of post-dissolution profits must establish his right to profits in which he asserts an interest. *Taormina v. Culicchia*, 355 S.W.2d 569, 576 (Tex.Civ.App.—El Paso 1962, writ ref'd n.r.e.).

With regard to profits lost, Humphreys testified that Cheek grossed approximately $9,827,041 after the partnership terminated in December 1982. Humphreys testified that those profits would have been profits of the partnership had Cheek not breached the partnership agreement. Humphreys further testified that the partnership's profits from those gross earnings would have been three to five percent. Three to five percent of Cheek's gross earnings would have been $294,811.23 to $491,352.05. The trial court's award of $9,827.41 as profits due Humphreys is supported by the evidence. We overrule points of error two through five.

In his sixth point of error, Cheek claims the trial court erred in awarding $10,000 in exemplary damages. Exemplary damages are recoverable when the injury is tainted with fraud, malice, or willful wrong. *Cole v. Tucker*, 6 Tex. 266 (1851). As partners, Cheek and Humphreys owed a fiduciary duty to each other. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962); *Chien v. Chen*, 759 S.W.2d 484, 494 (Tex. App.—Austin 1988, no writ). The issue concerning exemplary damages for breach of fiduciary duty is not whether there is an intent to injure, but rather whether the one with a fiduciary duty intended to gain an additional benefit for himself. *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 583–84 (Tex.1963). Exemplary damages are proper where a fiduciary has engaged in self-dealing. *Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 510 (Tex.1980).

Here, the trial court found Cheek profited from the use of partnership assets and "knowingly, wrongfully, arbitrarily, maliciously and with disregard to the rights" of Humphreys breached the partnership agreement and the Texas Uniform Partnership Act. At trial, Cheek testified that he moved the equipment of the partnership to C & G Onion's San Antonio office, opened an account for the partnership in Houston, and had the telephone in the SAPP office disconnected without Humphreys's consent. We find the evidence is sufficient to support the court's finding of malice.

Exemplary damages must be reasonably proportioned to actual damages. The determination of exemplary damages depends on the facts of each particular case. We will apply the following factors to determine the reasonableness of the exemplary damage assessment: (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety. *See Alamo National Bank v. Kraus*, 616 S.W.2d 908 (Tex.1981). In this case, the exemplary damages are approximately five times the amount of actual damages, which does not violate the reasonable relationship test. Considering the five factors in the *Alamo National Bank* case, as well as the amount of exemplary damages that is necessary to serve the purposes of punishment and deterrence, we find the evidence supports the court's finding of $10,-000 in exemplary damages. The trial court

did not err in assessing exemplary damages. We overrule point of error six.

Because we have sustained only Cheek's first point of error, we reverse that portion of the trial court's judgment that awarded $8,948.34 in payment for one-half of the partnership equipment. We recognize the trial court's judgment does not separate the amounts awarded into the separate elements of damages. The court's findings of fact, however, delineate each element of damages awarded. Under TEX.R.APP.P. 184, if the appellate court finds the error affects only a part of the matter in controversy and that part is clearly separable without unfairness to the parties, the court shall reverse only that part affected by the error and order a new trial on that issue. The court's findings of fact allow us to separate the court's judgment without unfairness to the parties, so we remand only the question of the value of the partnership equipment to the trial court for a new trial. We affirm the remainder of the trial court's judgment.