COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-263-CV
  
  
ROBERT 
J. HOOKS                                                                APPELLANT
  
V.
  
ARMANDA 
HOOKS                                                                   APPELLEE
  
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
this breach of fiduciary duty case, Robert J. Hooks appeals from an adverse 
judgment for his mother, Armanda Hooks. In four issues, Robert complains that 
the evidence does not support the trial court’s findings of fact and 
conclusions of law and judgment regarding breach of fiduciary duty, exemplary 
damages, and attorney’s fees. We will affirm in part and reverse and render in 
part.
        In 
March 2002, Armanda was caring for her ailing father, Joe Pierce, and was an 
authorized signatory on his bank account. The bank account was a joint tenancy 
account with right of survivorship. At that time, Armanda was also ill with 
cancer and concerned about Pierce’s welfare in case she was unable to care for 
him. Consequently, Armanda asked Pierce to add Robert to Pierce’s bank account 
so that Robert could assist Armanda in caring for Pierce. Robert knew that his 
name was added to the account at Armanda’s request after she became ill, so 
that he could care for his grandfather.
        After 
Robert was added as a signatory and joint tenant on the account, Pierce died on 
April 13, 2002. Pierce’s will left his entire estate to Armanda, and Robert 
was upset about not being mentioned in the will. On the day of Pierce’s 
funeral, Robert transferred nearly $29,000 from Pierce’s account without 
telling Armanda. Although Robert “knew what the deal was” between himself 
and his mother, he took the money as a joint tenant with right of survivorship 
because, “if I didn’t do it, they would clean it out and leave me with 
nothing at all.”
        Thereafter, 
Armanda sued Robert for breach of fiduciary duty and obtained the judgment from 
which Robert appeals.
        In 
his first and second issues, Robert asserts that the trial court’s breach of 
fiduciary duty finding is erroneous because parol evidence is not admissible to 
determine what the parties’ intent was at the time he was added to the joint 
tenancy agreement. See, e.g., Stauffer v. Henderson, 801 S.W.2d 858, 864 
(Tex. 1990) (holding that parol evidence is not admissible to prove decedent 
depositor’s intent regarding right of survivorship on joint account). This 
complaint is waived because it was not raised in the trial court. See Tex. R. App. P. 33.1(a); Bushell v. 
Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).
        Robert 
also contends, in two sentences, that there is no evidence to support the trial 
court’s breach of fiduciary duty finding and that Armanda has no standing to 
complain of his actions. These complaints are waived due to inadequate briefing. 
See Tex. R. App. P. 
38.1(h); Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 
284 (Tex. 1994). We overrule Robert’s first and second issues.
        In 
his third issue, Robert complains that the evidence does not support the $2000 
exemplary damages award to Armanda. Robert concedes that parent-child 
relationships can form the basis of a fiduciary relationship, but asserts that 
the “aggravated conduct” necessary for an exemplary damages award is not 
present here.
        Poor 
health and evidence of trust may give rise to a confidential or fiduciary 
relationship between parent and child. Hatton v. Turner, 622 S.W.2d 450, 
458-59 (Tex. Civ. App.—Tyler 1981, no writ). Exemplary damages for breach of 
the confidential relationship are proper when the breach is intentional or the 
fiduciary has engaged in self-dealing. Tex. Bank & Trust Co. v. Moore, 
595 S.W.2d 502, 510 (Tex. 1980); Hawthorne v. Guenther, 917 S.W.2d 924, 
936 (Tex. App.—Beaumont 1996, writ denied); Cheek v. Humphreys, 800 
S.W.2d 596, 599 (Tex. App.—Houston [14th Dist.] 1990, writ denied). We hold 
that the evidence, as detailed herein, is legally and factually sufficient to 
support the exemplary damages award. See Tex. Civ. Prac. & Rem. Code Ann. § 
41.003(a) (Vernon Supp. 2004) (requiring proof of exemplary damages by clear and 
convincing evidence), § 41.011 (Vernon 1997) (listing factors fact finder 
should consider in assessing amount of exemplary damages); Transp. Ins. Co. 
v. Moriel, 879 S.W.2d 10, 31 (Tex. 1994) (holding that evidence is clear and 
convincing if it is sufficient to produce in fact finder’s mind a firm belief 
or conviction as to truth of allegations sought to be established). Accordingly, 
we overrule Robert’s third issue.
        In 
his fourth issue, Robert complains that there is no evidence to support the 
award of attorney’s fees to Armanda. Attorney's fees are not available for 
breach of fiduciary duty. Musquiz v. Marroquin, 124 S.W.3d 906, 913 (Tex. 
App.—Corpus Christi 2004, pet. denied (reh’g pending)). Therefore, we 
sustain Robert’s fourth issue.
        Having 
sustained Robert’s fourth issue, we reverse the award of attorney’s fees and 
render judgment that Armanda is not entitled to attorney’s fees. We affirm the 
remainder of the trial court’s judgment.
 
 
                                                                  PER 
CURIAM
  
  
PANEL F:   CAYCE, 
C.J.; HOLMAN and GARDNER, JJ.
 
DELIVERED: 
July 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.