Robert Hooks v. Armanda Hooks

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-263-CV

ROBERT J. HOOKS APPELLANT

V.

ARMANDA HOOKS APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this breach of fiduciary duty case, Robert J. Hooks appeals from an adverse judgment for his mother, Armanda Hooks.  In four issues, Robert complains that the evidence does not support the trial court’s findings of fact and conclusions of law and judgment regarding breach of fiduciary duty, exemplary damages, and attorney’s fees.  We will affirm in part and reverse and render in part.

In March 2002, Armanda was caring for her ailing father, Joe Pierce, and was an authorized signatory on his bank account.  The bank account was a joint tenancy account with right of survivorship.  At that time, Armanda was also ill with cancer and concerned about Pierce’s welfare in case she was unable to care for him.  Consequently, Armanda asked Pierce to add Robert to Pierce’s bank account so that Robert could assist Armanda in caring for Pierce.  Robert knew that his name was added to the account at Armanda’s request after she became ill, so that he could care for his grandfather.  

After Robert was added as a signatory and joint tenant on the account, Pierce died on April 13, 2002.  Pierce’s will left his entire estate to Armanda, and Robert was upset about not being mentioned in the will.  On the day of Pierce’s funeral, Robert transferred nearly $29,000 from Pierce’s account without telling Armanda.  Although Robert “knew what the deal was” between himself and his mother, he took the money as a joint tenant with right of survivorship because, “if I didn’t do it, they would clean it out and leave me with nothing at all.”  

Thereafter, Armanda sued Robert for breach of fiduciary duty and obtained the judgment from which Robert appeals.  

In his first and second issues, Robert asserts that the trial court’s breach of fiduciary duty finding is erroneous because parol evidence is not admissible to determine what the parties’ intent was at the time he was added to the joint tenancy agreement.  
See, e.g., Stauffer v. Henderson,
 801 S.W.2d 858, 864 (Tex. 1990) (holding that parol evidence is not admissible to prove decedent depositor’s intent regarding right of survivorship on joint account).  This complaint is waived because it was not raised in the trial court.  
See
 
Tex. R. App. P.
 33.1(a); 
Bushell v. Dean,
 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).

Robert also contends, in two sentences, that there is no evidence to support the trial court’s breach of fiduciary duty finding and that Armanda has no standing to complain of his actions.  These complaints are waived due to inadequate briefing.  
See
 
Tex. R. App. P.
 38.1(h); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994).  We overrule Robert’s first and second issues.

In his third issue, Robert complains that the evidence does not support the $2000 exemplary damages award to Armanda.  Robert concedes that parent-child relationships can form the basis of a fiduciary relationship, but asserts that the “aggravated conduct” necessary for an exemplary damages award is not present here.  

Poor health and evidence of trust may give rise to a confidential or fiduciary relationship between parent and child.  
Hatton v. Turner,
 622 S.W.2d 450, 458-59 (Tex. Civ. App.—Tyler 1981, no writ).  Exemplary damages for breach of the confidential relationship are proper when the breach is intentional or the fiduciary has engaged in self-dealing.  
Tex. Bank & Trust Co. v. Moore,
 595 S.W.2d 502, 510 (Tex. 1980); 
Hawthorne v. Guenther,
 917 S.W.2d 924, 936 (Tex. App.—Beaumont 1996, writ denied); 
Cheek v. Humphreys,
 800 S.W.2d 596, 599 (Tex. App.—Houston [14th Dist.] 1990, writ denied).  We hold that the evidence, as detailed herein, is legally and factually sufficient to support the exemplary damages award.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 41.003(a) (Vernon Supp. 2004) (requiring proof of exemplary damages by clear and convincing evidence), 
§ 41.011 (Vernon 1997) (listing factors fact finder should consider in assessing amount of exemplary damages); 
Transp. Ins. Co. v. Moriel,
 879 S.W.2d 10, 31 (Tex. 1994) (holding that evidence is clear and convincing if it is sufficient to produce in fact finder’s mind a firm belief or conviction as to truth of allegations sought to be established).   Accordingly, we overrule Robert’s third issue.

In his fourth issue, Robert complains that there is no evidence to support the award of attorney’s fees to Armanda.  Attorney's fees are not available for breach of fiduciary duty.  
Musquiz v. Marroquin,
 124 S.W.3d 906, 913 (Tex. App.—Corpus Christi 2004, pet. denied (reh’g pending)).  Therefore, we sustain Robert’s fourth issue.

Having sustained Robert’s fourth issue, we reverse the award of attorney’s fees and render judgment that Armanda is not entitled to attorney’s fees.  We affirm the remainder of the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: July 22, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.