MABEL T. ANDERSON, Appellee and Cross-appellant, v. HENRY F. DROGE et al., Appellants and Cross-appellees.

No. 41779.

160

May 15, 1933.

Kimball, Peterson, Smith & Peterson and Verne Benjamin, for appellants.

J. J. Ferguson, and Ferguson & Ferguson, for appellee.

ALBERT, J.—The plaintiff is a sister and the sole heir at law of one David W. Thayer, who died intestate on April 26, 1927, leaving as his estate an undivided one-third interest in the partnership known as the "Council Bluffs Seed Company" of Council Bluffs, Iowa. Thayer commenced his business career in connection with a seed corn business at Shenandoah, Iowa, some time between 1900 and 1907. He was acting as salesman discovering a development for the

disposition of seed corn. In 1917 he went to Council Bluffs and interested Henry F. Droge, Wm. Droge, and A. W. Carter in the seed corn business, and a partnership was arranged. The business was first started between the two Droges and Thayer as partners, and shortly afterward Carter became a fourth member of the firm, which firm continued to do business until William Droge's death in 1922. The partnership continued with a membership of Henry Droge, A. W. Carter, and D. W. Thayer, each being the owner of a one-third interest therein, until the death of Thayer on April 26, 1927. After his death and on September 29, 1927, on application of Henry F. Droge, letters of administration were issued to Verne Benjamin who administered the Thayer estate. He filed a final report and was discharged as such administrator on October 1, 1928. A copy of his final report was mailed to the plaintiff, who lived in Clarinda, Iowa, September 24, 1928, and a receipt was sent for her to sign. She signed this receipt, returned it to Benjamin, the administrator, and he forwarded her a check in the amount of $306.48, receipt of which was acknowledged on October 3d. In said administration the interest of said David W. Thayer in said partnership was sold under order of court and bought in by the surviving partners for the sum of $950.

On the 22d day of May, 1931, plaintiff filed a petition in equity in this matter stating, in substance, that there was certain property which belonged to the estate of David W. Thayer that was unaccounted for in the aforesaid administration; that the said Council Bluffs Seed Company, as a whole, was a profitable business until and after the death of David W. Thayer; that plaintiff is unable to state the exact amount earned because the remaining partners, Henry Droge and A. W. Carter, have never made an accounting of the said earnings, and have never wound up the partnership business and distributed the earnings of the personal property belonging to the said decedent, and Droge and Carter have, in fact, appropriated said earnings and the personal property to their own use; that defendants Droge and Carter manipulated the books and records of said business, if not with the knowledge and consent of the defendant Benjamin, the administrator, at least with his acquiescence, have appropriated to their own use the assets of the copartnership, and connived together for the purpose of depleting the assets of said copartnership and appropriating the same to their own use in disregard of the rights of plaintiff as the sole heir of David W. Thayer, deceased; that they did not make a full and fair disclosure of the facts within their

knowledge, and concealed the same from the plaintiff and from the court; that plaintiff had no knowledge of the value of the Thayer estate, and the sale by the administrator was brought about by Droge and Carter for an inadequate consideration, and Droge, Carter, and Benjamin acted collusively and conspired to take advantage of the plaintiff and to obtain her property for an inadequate and unfair consideration.

The evidence in the case largely supports the plaintiff's allegations in the petition, and shows that on the death of Thayer in 1927 she was notified of his death by Henry Droge, and she and her husband immediately went to Council Bluffs and met said Droge, and she was informed by him that her deceased brother was a one-third partner in the business of the Council Bluffs Seed Company; that Thayer was a remarkable man in the seed corn business and from his success in carrying on the same they had all profited, but the business had suffered a slump in recent years and he doubted very much if there was enough left in the business which would avail Thayer's estate anything; that he did not believe Thayer's estate to be anything in the way of assets, and it would require an audit of the books to determine this question; that he would have an audit made and sent to Mrs. Anderson. After the funeral she and her husband returned to Clarinda. They made inquiry concerning the audit of the company's books, but seem not to have received any satisfaction.

In February, 1928, the plaintiff went to Council Bluffs and was informed by Carter that all of the papers in connection with the matter had been turned over to Benjamin, the administrator. She inquired from Benjamin, and the only information she received was "things are moving along nicely". Later she received the notice and receipt from Benjamin heretofore referred to, with a request that she execute the receipt and return to him. He said in an accompanying letter: "When I was appointed administrator, I did not believe I would be able to realize as much as I have out of the estate". The inventory as filed by Benjamin recited:

"Cash in bank,                                                    $39.90
"An undivided one-third interest in the partnership known as the Council Bluffs Seed Company of Council Bluffs, Iowa, * * * the net interest of said decedent being estimated of the net value of $1,000."

On April 18, 1928, on application of Benjamin, a commission was issued to three parties as appraisers of said estate. No application was filed by the administrator for authority to sell. The court knew nothing of the condition of the estate or of what it consisted, except such information as was gleaned from the report of the administrator filed May 3, 1928. The three appraisers appointed were Vincent Crowe, with the Wallace Benjamin Company, George L. Peters, a real estate man who had formerly been associated with Wallace Benjamin Company, and Wallace Benjamin, a brother of the administrator. These witnesses and appraisers practically agreed in their testimony that they viewed the elevator, machinery, and surroundings, and they saw a financial statement of the Council Bluffs Seed Company, and they finally agreed upon the value of Thayer's interest in the partnership as $900. The financial statement upon which they say they acted was introduced in evidence, and shows the capital and surplus to be $36,783.64, and shows the bank balance to be $25,977.54. With this situation before them, it is inconceivable that they should estimate Thayer's one-third of said estate to be $900. A subsequent audit of the books, however, shows that the statement, a part only of which we have referred to, is inaccurate and contains numerous discrepancies, but of course such fact was unknown to the appraisers at the time appraisement was made of this property. It is apparent, therefore, that in the handling of this estate a fair and frank statement of the assets of the Thayer estate was never made to the plaintiff or to the court who made the order discharging the administrator, as will appear from what is subsequently said in this opinion, and the only conclusion that can be drawn from the evidence, which we cannot, of course, set out in full, is that there was a persistent effort to keep from the plaintiff the knowledge of the extent of the estate of the said Thayer.

It is insisted by the defendants that "all matters involved herein are fully adjudicated in the administration of the estate of David W. Thayer, deceased". They make this claim on the strength of the opinions in the following cases: Tucker v. Stewart, 121 Iowa 714, 97 N. W. 148; Bradbury v. Wells, 138 Iowa 673, 115 N. W. 880, 16 L. R. A. (N. S.) 240; Murphy v. Hahn, 208 Iowa 698, 223 N. W. 756; U. S. v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93. As a general rule, as shown in the above cases, while all matters such as these are adjudicated and set at rest by the administration and

closing of an estate, we have a special statutory provision, section 12049, Code 1931, reading as follows:

"Mistakes in settlements may be corrected in the probate court at any time before his final settlement and discharge, and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court."

This statute is very wide in its operation, and, if there be grounds which appeal to the chancellor, showing that the equities are wholly with the complainant, the court is warranted in interfering in an action of this kind that justice may be done the parties. This question is elaborated upon in Arnold v. Spates, 65 Iowa 570, 22 N. W. 680, and Tucker v. Stewart, supra, where the question is fully disposed of.

The substance of our holdings in this respect is that an heir has a right to maintain a suit for recovery of profits omitted by mistake or fraud from the administration of an estate. After a review of the record we are abidingly convinced that this case is one where this rule should be applied. We conclude, therefore, that the plaintiff had the right to maintain this action, and is not barred by the administration of the estate and the discharge of the administrator.

There were introduced in this case many exhibits, among others, numerous tabulated statements made by an accountant, showing the various assets and liabilities, the business done, profit and loss account, and many other tabulated statements. It is somewhat difficult, without an explanation of these tabulations, to reach a definite conclusion herein. The showing as we gather it from these reports, is that approximately at the time of the death of Thayer each of the partners, Droge, Carter, and Thayer, owned a one-third interest in the assets of that partnership, and on the 30th day of June, 1927, the tabulations, including the assets of the firm, show a balance in the personal account in favor of Henry Droge of $10,290.48. There was $11,018.80 in the account of A. W. Carter, and $1,560 in the account of D. W. Thayer. The evidence in the case shows that from the time of the death of Thayer and the commencement of this lawsuit, the profits made by the firm were $34,244.16, and, giving Henry Droge credit for $727.32, would make his balance equal to that of Carter. Giving Thayer credit for $9,548.80 would make his credit equal to that of Carter. Adding these two credits makes a total of $10,187.12. Deducting this from the total profits made after the

death of Thayer, we have a balance of $24,057.04. One-third of this, $8,019.01, we find to be the amount plaintiff is entitled to on this account.

Our reason for reaching this conclusion is in accord with that of the district court, that the surviving partners had a right to continue this business for the purpose of winding it up, and on the death of Thayer they became trustees of the property and business of the copartnership for his legal heirs and representatives. The law required of them the utmost good faith in their dealings with those entitled to share in his interest and property left in trust with them. It was their duty as trustees to make a full and fair disclosure of the exact nature and extent of his interest in the copartnership and to conceal nothing. They have failed in this duty; they have concealed from the plaintiff the nature and extent of the interest of the deceased in that concern and the value thereof. They have sought by concealment to use the court to defraud the plaintiff out of a valuable right in the concern. In the sale by the administrator only the tangible property was in fact valued, and the interest of the deceased in the other partnership property and as a going concern was not included or sold. They also failed to take into consideration the fact that the business was a going concern and had a good will.

The value of the good will of a going business is always problematic, but it is apparent from this record that in the continuation of the business after the death of Thayer, the surviving partners utilized and profited by that good will, but, in view of the fact that by our holding just made we have given the plaintiff the benefit of the profits derived from the utilization of that good will, we do not think a further charge should be made against the surviving partners therefor.

The appellees insist that the surviving partners are entitled to compensation for carrying on the business after the death of Thayer. We are disposed to agree with the district court that under the circumstances they were trustees and trustees in the wrong, and, under such circumstances, are not entitled to compensation for the time and labor expended, and none should be allowed them.

Our conclusion therefore finally is that the amount due to the plaintiff in this accounting is the sum of $8,019.01. The judgment heretofore entered in the lower court will be modified in accordance herewith; and, as to the cross-appeal of the plaintiff, the action of

the lower court is affirmed. On the appeal of the defendants, it is modified and affirmed.

Modified and affirmed on defendants' appeal; affirmed on plaintiff's cross-appeal.

KINDIG, C. J., and EVANS, STEVENS, CLAUSSEN, DONEGAN, ANDERSON, and MITCHELL, JJ., concur.