Sechrest, Appellant, vs. Sechrest, Respondent.*

*March 13—April 12, 1946.*

* Motion for rehearing denied, with $25 costs, on June 4, 1946.

For the appellant there was a brief by *Woodward & May* and *W. L. Jackman,* all of Madison, and oral argument by *Mr. Jackman.*

For the respondent there was a brief by *Harris & Brandt* of Madison, and oral argument by *Warren H. Harris* and *Albert E. Brandt.*

FAIRCHILD, J. There was to be an end to the partnership. The agreement fixes the date as of the 6th of January, 1944. That appears as the time of dissolution from the terms agreed upon, to wit: "It has been agreed that Howard Sechrest is to continue the operation of the business by himself as of the date of this instrument," and "it is agreed that Edmonde Sechrest is to retire from the business and have no further interest in the business." If the agreement referred to controls, the judgment must be reversed and all other questions drop out of the case. As we must hold that the agreement is effective, defendant is not entitled to a share in the profits of the business earned after dissolution and before the final accounting.

The Uniform Partnership Act provides that: "When any partner retires or dies, and the business is continued . . . without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership. . . ." Sec. 123.37, Stats.

The reason for the provision in the partnership law for payment of either interest on the retiring partner's share of the assets or profits, at his option, is not because the retiring partner still retains an interest in the business but rather is intended to give him a return on assets belonging to him which still are being employed in the business by the remaining partner. Where, of course, there has been a sale of the partner's interest, he is precluded from asserting any right in the subsequently earned profits since none of his assets have been

employed in the earning of such profits. Note, 80 A. L. R. pp. 53, 54.

Plaintiff contends that the provision "Whereas, it is agreed that Edmonde Sechrest is to retire from the business and have no further interest in the business" evidences an intent to preclude defendant from any share of the profits and therefore supersedes the provision in the statute. The agreement providing for the change clearly contemplated that defendant was to retire from participation in said business and that his relations were severed completely. He was thereafter to have no further interest in the profits of the business. This result is sustained by the tenor of the entire instrument considering especially the clause giving $75 per week on account to the defendant. It reveals the purpose of ending immediately all connection of defendant with the business. It is in effect a "settlement of accounts as between him . . . and the person or partnership continuing the business." The provision in the agreement for a further accounting is only to determine the final amount due defendant on January 6th. After all, the defendant began receiving $75 per week on account in accordance with the agreement. Can it be said that his share of the assets are being employed in earning the subsequent profits when he is currently being paid for them? The purpose of the agreement was to separate the partners and their interests and to allow plaintiff to pay his ex-partner for his share of the business, on an instalment basis, out of that which plaintiff had available, rather than compelling a resort to a sale of the partnership assets.

*By the Court.*—Judgment reversed, cause remanded for further proceedings under the contract, according to law.

Fritz, J., dissents.

Rector, J., took no part.