Michael J. Rogers and Kenneth W. Boyd, Law Offices of Michael J. Rogers, Cleburne, for appellee.

**Al BAILEY, Individually and d/b/a ABC Cleaners, a partnership, Appellant,**

v.

**Gene M. JACKSON, Appellee.**

**No. 5928.**

Court of Civil Appeals of Texas, Waco.

Oct. 19, 1978.

HALL, Justice.

Plaintiff-appellee Gene M. Jackson brought this suit against defendant-appellant Al H. Bailey individually and d/b/a ABC Cleaners, a Partnership, for dissolution and termination of the partnership, for an accounting, for partition of the partnership assets, or for money damages if partition was not feasible. Plaintiff alleged that in February, 1971, he and defendant orally entered into a partnership agreement for the purpose of establishing and operating a retail clothes cleaning business in the City of Burleson under the trade name "ABC Cleaners"; that under the terms of the agreement they borrowed money from a bank, rented a building which contained fixtures and equipment for the operation of the clothes cleaning business, and bought the fixtures and equipment; that, additionally, each made small cash investments into the business for its beginning operations; that it was agreed that defendant would manage and operate the business; that they would share equally in the profits and losses; that when their cash investments were

recouped they would own the assets in equal shares; that the partnership was to continue thereafter so long as they mutually desired; that they began operation of the business in February, 1971, and thereafter filed federal income tax returns for the partnership for 1971, 1972, and 1973; that early in 1975 defendant refused to account to plaintiff for the partnership business and refused plaintiff access to the business records for the purpose of filing a federal income tax return for 1974; and that since June, 1975, defendant has continued operating the business but has refused plaintiff access to the business and its records and has refused to account to plaintiff.

Insofar as pertinent to this appeal, defendant's answer included a general denial and the plea of laches.

The case was tried to a jury. After both parties rested, acting upon plaintiff's motion for instructed verdict, the court withdrew the case from the jury and rendered judgment (1) concluding as a matter of law "there was a partnership between the Plaintiff and Defendant which was dissolved in April of 1974, and that there were no [disputed] fact issues"; (2) appointing a Receiver to inventory and appraise the partnership assets, and to sell the assets after application to the court; (3) enjoining defendant from disposing, selling, or encumbering the partnership assets; .(4) requiring the Receiver to post a $10,000.00 surety bond; and (5) assessing all costs of suit against defendant.

Among other grounds assigned on appeal for reversal, defendant Bailey asserts the evidence failed to establish the value of plaintiff's share of the business. We sustain this contention, reverse the judgment, and remand the case for trial.

In its material parts the evidence substantially tracks the plaintiff's pleadings. It shows that in February, 1971, under an oral partnership agreement, plaintiff and defendant borrowed $9,000.00 from a bank, jointly executed their promissory note to the bank for the loan, secured the note with cleaning and pressing equipment which they purchased with the borrowed funds,

and agreed to repay the note with monthly installments of $300.00; that each also contributed $200.00 cash to the business; that they rented the building in which the equipment was located and began operation of the clothes cleaning business; that they owned the business and its assets in equal shares; that defendant was operating manager of the business and as such was entitled to a salary of $125.00 per week if the net profits permitted it; that they would then share equally in the balance of the profits; that they filed federal income tax returns for the years 1971, 1972, and 1973; that in February, 1973, defendant paid off the balance of the promissory note which was then $2,916.72; that in April, 1974, defendant told plaintiff the partnership was ended and thereafter refused plaintiff access to the business and its books; that defendant continued operating and still operates the business; and that sometime after plaintiff filed this suit in February, 1976, defendant paid $200.00 to plaintiff stating "it was our two hundred dollars apiece we put in the cleaners to start with," but that plaintiff has not otherwise received any money from the partnership.

The evidence does not show the value of the partnership at the time of the dissolution in April, 1974, and it does not show the profits of the partnership since the date of dissolution.

Where a partner is expelled and the remaining partner or partners continue the business without any settlement of accounts as between the expelled partner and the person or partnership continuing the business, unless otherwise agreed the expelled partner may have the value of his interest [in the business] at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership. Vernon's Tex.Civ.St., Article 6132b, § 42. *See Stone City Attractions, Inc. v. Henderson,* 571 S.W.2d 206 (Tex.Civ. App.—Austin 1978); *Cauble v. Handler,* 503

S.W.2d 362, 366 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.).

■ It was plaintiff's burden to establish the value of the partnership assets at the time of dissolution; and it was also his burden to prove the profits of the business after dissolution if he wished to share in those profits. *Cauble v. Handler*, supra, at 503 S.W.2d 364; *Taormina v. Culicchia*, 355 S.W.2d 569, 576 (Tex.Civ.App.—El Paso 1962, writ ref'd n. r. e.). As we have said, plaintiff failed to prove both. Without either uncontradicted proof or a finding on disputed proof of the value of plaintiff's 50% interest in the partnership business at the time of dissolution in April, 1974, the court could not render final judgment in the case. See *Murphy v. McLaughlin*, 374 S.W.2d 754, 757 (Tex.Civ.App.—Houston 1964). Defendant's point of error to that effect is sustained.

■ Defendant's contention that a fact issue was raised in the case on his pleaded defense of laches is overruled. Plaintiff filed this suit in February, 1976. The partnership was dissolved in April, 1974. Article 5527, Vernon's Tex.Civ.St., sets a limitation period of four years for actions by partners for settlement of the partnership accounts, and provides that "the cause of action shall be considered as having accrued on a cessation of the dealings in which they were interested together." And § 43 of Article 6132b provides: "The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." There was no contrary agreement in our case.

The judgment is reversed and this cause is remanded for trial.