Joseph Davis FARRAR, Appellant,

v.

Merle L. FARRAR, Appellee.

No. A2694.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 29, 1981.

Larry D. Harvey, Laswell & Harvey, Houston, for appellant.

Rachel Johnson, Pasadena, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an order dismissing Appellant's suit with prejudice. On March 12, 1980, Appellant filed his original petition seeking five different types of relief. Appellee answered and filed Special Exceptions which were sustained. Appellant filed his First Amended Original Petition and Appellee again filed Special Exceptions. The trial court sustained the Special Exceptions and ordered the Appellant to replead his cause of action within fifteen days of August 28 or have his cause of action dismissed. On September 11, Appellant filed his Second Amended Original Petition. In response, on September 16, Appellee filed her Second Amended Special Exceptions and Answer Subject Thereto. On December 3, the trial court ordered Appellant's Cause of Action dismissed with prejudice alleging that no cause of action had been "alleged any different" from the Original Petition or the First Amended Original Petition. Appellant appeals from that order of dismissal.

When special exceptions to a pleading are sustained, the party has a right either to amend or refuse to amend and appeal. The court's action in sustaining the special exceptions will not be overruled unless there was an abuse of discretion by the trial court. *See Huber v. City of Corpus Christi*, 564 S.W.2d 816 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.) (and cases cited therein).

Appellant complains that the trial court erred in striking the Second Amended Petition because Appellee's Special Exceptions did not point out with particularity the defects in that pleading. Rule 90 of Texas Rules of Civil Procedure (1978) prohibits the use of a general demurrer. Defects in pleadings are deemed waived when

not specifically pointed out by a motion or an exception in writing. Appellee's Second Amended Special Exceptions complained only that the Appellant's Second Amended Original Petition was vague and indefinite and that it did not state a cause of action. Such does not comply with the requirements of Rule 90. Only after a party has been given an opportunity to amend, after special exceptions have been sustained, may the case be dismissed for failure to state a cause of action. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974); *Cameron v. University of Houston*, 598 S.W.2d 344 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n. r. e.). Since Appellee failed to state with particularity the defects in Appellant's Second Amended Original Petition, the trial court abused its discretion in dismissing this cause of action. The order of the trial court is reversed, and this case remanded with instructions that it be reinstated on the docket of the District Court.