Albert SHANNON, et ux., Appellants,

v.

Larry MONASCO, et al., Appellees.

No. 6331.

Court of Appeals of Texas,
Waco.

May 6, 1982.

Rehearing Denied June 3, 1982.

Meto Miteff, Lawrence E. Meyers, Miteff, Finney & Meyers, Fort Worth, for appellants.

Jim Meyer, Dunnam, Dunnam, Horner & Meyer, Waco, for appellees.

## OPINION

CHASE, Justice.

Appellants appeal from the trial court's judgment awarding $44,500.00 actual damages and $10,000.00 exemplary damages to appellees in a suit for conversion.

Appellees were the owners and operators of a retail business operating under the name of "The Jungle Hut." During June of 1980, a partnership was orally formed between the parties for the continuation of the business that appellees had established in Waco and establishing a similar business in Stephenville. Appellees contributed all

physical assets of the "Jungle Hut", its good will and their expertise, and Shannon, having no expertise, contributed a $45,000.00 line of credit. Some stock was added to the Waco store and the Stephenville building was remodeled and completely stocked with the $45,000.00. The partnership was owned one-fourth each by Albert Shannon, Joyce Shannon, Monasco and Fowler and continued until September 5, 1980, when appellees gave written notice of dissolution of the partnership. After some discussions the evidence shows the partners entered an oral agreement with appellees for the division of the assets of the partnership whereby appellees were to own and operate the business in Waco, and appellants were to own and operate the business in Stephenville. Appellees operated the Waco business as sole owners until September 30, 1980, when Albert and Joyce Shannon arrived at the Waco store with two trucks and several men, and, without consent of appellees, proceeded to remove the entire stock of goods as well as other items to Stephenville.

It is appellant's contention that there had been no termination of the partnership, that the stock of goods in the Waco store belonged to them and there was no conversion. Appellees sued seeking actual and exemplary damages alleging conversion.

■ Trial was to the court without a jury and the court found $44,500.00 actual and $10,000.00 exemplary damages and entered judgment accordingly. No findings of fact or conclusions of law were filed or requested; thus, it is implied the trial court made all necessary findings to support its judgment. These implied findings may be challenged by insufficient evidence points and no evidence points the same as jury findings and a trial court's findings of fact. In considering the no evidence points, we will view the evidence in its most favorable light and in considering the points challenging the sufficiency of the evidence, we will weigh all the evidence, including evidence to the contrary. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). The judgment will be affirmed if it can be upheld on any legal theory that has support in the evidence. *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968).

Appellants assert twelve points of error. Points one, two and seven contend there is no evidence and insufficient evidence of termination of the partnership.

■ A partnership goes through three steps before it ends: (1) dissolution, (2) winding up, (3) termination. The uncontroverted dissolution notice on September 5 ended all of Shannon's authority to act for the partnership except for winding up. Tex.Rev.Civ.Stat.Ann. art. 6132b, § 33. Once the partnership was dissolved, Shannon's general agency which grew out of the partnership terminated and the powers implied from the relationship terminated, except for those powers necessary to complete winding up. *McKellar v. Bracewell*, 473 S.W.2d 542, 549 (Tex.Civ.App.—Houston [1st district] 1971, writ ref'd n. r. e.).

Appellees testified that they met with Shannon and after a lengthy discussion it was agreed that appellees would keep the Waco store and appellants would keep the Stephenville store and that such agreement constituted a winding up of the partnership affairs.

Mr. Shannon testified he discussed winding up the partnership affairs with appellees on September 5, but the parties came to no conclusion. He stated he had entered the partnership in June of 1980 by purchasing the existing inventory for $2,295.00. According to Shannon, the oral partnership agreement was that appellees would receive fifty percent of the profits from the merchandise, but Shannon would own all the merchandise until appellees bought it back from him because both stores were stocked using a $45,000.00 line of credit that Shannon established at his bank in his own name. Shannon further testified the plan he proposed for winding up was that he keep the Stephenville store and appellees continue to operate the Waco store giving him a percentage of the profits for each item sold in the Waco store.

■ The court obviously found the partnership was terminated and the testimony

of the appellees is sufficient to support such finding. Appellants' points one, two and seven are overruled.

Points three and four assert there is no evidence or insufficient evidence of a conversion by Joyce Shannon.

Points five and six assert there is no evidence and insufficient evidence of conversion by Albert Shannon, because the partnership continued to exist after dissolution for the purpose of winding up partnership affairs, and when they seized the property they were merely seizing partnership property to which they were entitled.

We have heretofore found that the court apparently made a finding of termination of the partnership so that the property seized by appellants was that of the appellees and the taking thereof constituted a conversion. *Ogle v. Craig*, 464 S.W.2d 95, 97 (Tex.1971); *Warner v. Winn*, 191 S.W.2d 747, 749 (Tex.Civ.App.—San Antonio 1945, writ ref'd n. r. e.).

Appellants in their argument make much of the absence of Joyce Shannon during the meetings regarding termination, and therefore there was no termination of her interest in the partnership and she could not be liable in conversion.

The principle controversy in the trial court centered, not around whether there had been a termination, but rather what the terms of such termination were.

Joyce Shannon, testified and otherwise participated in the trial and at no time did she raise the issue of her interest in the partnership not having been terminated. The court was justified in inferring this to be acquiescence in a complete termination, also she participated in the seizure of the stock of the Waco store which was the carrying out of her husband's contentions regarding the terms of the termination.

Points three through six are overruled.

Points eight, nine and ten attack the sufficiency of the evidence to sustain the award of $44,500.00 actual damages. Mrs. Shannon testified that she had taken college business courses, including accounting. According to her, using proper accounting methods, the business in Waco showed a profit of $10,679.00 for the six months in 1980 prior to the formation of the partnership; while the partnership existed no profit was made; the inventory taken had a wholesale value of $11,647.59 at the time of conversion; and the good will of the business had no value at all.

Appellees testified they started the Waco business in September of 1979 and had made a profit each month since January of 1980. The net profit through the first six months of 1980 was $21,384.96. In June of 1980 appellants purchased half of the assets on hand, the good will and the clientele of the business for $45,000.00. The store stocked merchandise such as wicker and rattan furniture, tropical plants, decorator items, ceramics and brass. The inventory converted cost $13,000.00, had a wholesale value of $22,000.00 and a retail value of $26,000.00. The books and fixtures converted were worth $1,000.00. Rent for two months for the unoccupied building was $900.00 and because some of the merchandise converted had already been sold, $848.85 was returned to customers.

There was evidence that the business had many clients, a good reputation, was in good shape financially and improving every month. Appellees considered the good will of their business to be an asset and an integral part of their business. Mr. Monasco testified the value of the good will of the business immediately prior to the conversion was $30,000.00 and following the conversion was $20.00. Appellees were unable to reopen the business. Considering all the evidence, we do not think the award of actual damages was against the great weight and preponderance of the evidence.

Points eleven and twelve contend the award of punitive damages is supported by no evidence and the amount is excessive. Shannon testified he threatened appellees that unless some kind of an agreement was reached regarding what he believed appellees owed him, he would take everything from them and leave them with nothing. He threatened them with law suits, with damaging their reputation, their position in the business community as well as their

standing in the community where they lived.

Appellees have been out of business since the conversion. The evidence showed that when appellants took the merchandise, they knew appellees had planned on continuing the business. Appellees testified their business reputation had been so damaged, it would be difficult to ever start the business again. Under these circumstances, we believe the award of punitive damages was justified. Points eleven and twelve are overruled. The judgment of the trial court is affirmed.